### In re GILBERT, U. S. Com'r.

#### (*Circuit Court, N. D. New York.* April 1, 1887.)

1. UNITED STATES COMMISSIONER—OFFICIAL MISCONDUCT—EVIDENCE.
    Charges of irregular and illegal conduct on the part of a circuit court commissioner, in conspiring with others to manufacture business for the purpose of extorting fees from the government, such as instituting prosecutions for frivolous offenses, procuring complaints to be made with knowledge of the inadequacy of the proof, etc., *held* not sustained by the evidence adduced, in a proceeding looking to the removal of the commissioner from office.

2. SAME—PROFESSIONAL WITNESSES.
    The practice of encouraging prosecutions set on foot by "professional witnesses," who spend a large portion of their time in ferreting out trivial and technical infractions of the revenue laws, solely for the purpose of obtaining fees as witnesses, strongly condemned; the court intimating that its continuance will be deemed cause for removal.

3. SAME—JUDICIAL AND ADMINISTRATIVE OFFICERS.
    If it be necessary to employ spies and informers to bring offenders to justice, it should be done by the administrative not the judicial officers of the government.

An examiner of the department of justice in October, 1886, made a report charging William W. Gilbert, a commissioner of the court, residing at Rochester, New York, with irregular and illegal conduct. This report, with the accompanying affidavits, was transmitted by the attorney general to the court for such action as was deemed advisable. The court thereupon made an order, based upon these papers, requiring the commissioner to show cause at the January term why he should not be removed from office. A partial hearing was then had, and an adjournment was taken to enable the respondent to produce further evidence, and to give the United States attorney, who acted by request of the court, an opportunity to make a more extended examination of the charges contained in the report. The matter came on for final hearing at the March term, 1887.

*W. F. Cogswell,* for respondent.

*D. N. Lockwood,* U. S. Atty., opposed.

Before WALLACE and COXE, JJ.

PER CURIAM. We have examined the report of the examiner with the accompanying affidavits, and the answer and other documents submitted by the respondent, and have reached the conclusion that all charges of conspiracy and of illegal and dishonest conduct on the part of the respondent are unsupported by the proof. The United States attorney frankly stated in open court that, in his opinion, the respondent had kept within the strict letter of the law, and that, after a careful investigation, he could produce no proof connecting the respondent with any immoral or corrupt practices. The attorney general, in a communication to the respondent, exculpates him from the charge of conspiring with others to manufacture business for the purpose of extorting money from the government. Unquestionably the record discloses some cases of hardship,—prosecutions for frivolous offenses which should never have been commenced; but the number, considering the amount of business transacted, is not large; and the suggestion that the respondent was instrumental in procuring the complaints to be made with a knowledge of the inadequacy of the proof is founded entirely upon conjecture.

The respondent is a respectable citizen of Rochester, where he has resided since he left the army, at the close of the war of the Rebellion, and the reputation which he has built up through years of patient and painstaking endeavor ought not to be assailed upon mere suspicion. We are pleased to say that we do not find any charge affecting his integrity sustained by the proof. The most serious criticism made against the administration of his office is, in our judgment, that he received the evidence of witnesses who spent a large portion of their time in ferreting out trivial and technical infractions of the revenue laws for the sole purpose of obtaining the fees of witnesses. In the great majority of revenue cases presented to the respondent these "professional witnesses" appear. That they embarked in the business solely for the money they could make is not denied, and their names appear with painful regularity upon the roll of witnesses. It is true that this practice is not at all confined to Rochester. It is true that the revenue laws cannot be enforced if none but the most respectable members of society can be called to the witness stand. It is true that if the prosecution of offenders becomes lax the government will lose in revenue many times the amount now expended in fees. All this is true, and yet we are of the opinion that the practice of tolerating the co-operation of this class of informers, in the manner stated, is demoralizing, and tends to bring the administration of justice in the federal courts into disrepute. If it be necessary to employ spies and informers to bring offenders to justice, it should be done by administrative officers.

There is, unquestionably, room for difference of opinion upon this subject, and we accept the statement of the respondent that he thought it his duty to act upon all cases which he considered meritorious, no matter by whom presented, or how supported. But, entertaining the views we do upon this subject, we deem it proper to say that hereafter we shall regard it as a sufficient cause for removal if a commissioner abets or encourages the prosecution of violations of the internal revenue laws

set in motion by "professional witnesses." If the officers of the revenue, or the law officers of the government, do not deem the cases of sufficient consequence to institute and follow up prosecutions, commissioners, who are judicial officers, and whose only duty it is to hear cases when they are presented, should not, directly or indirectly, instigate or countenance others in bringing criminal proceedings. Much less should they permit such cases to be brought by a class of men who act merely from mercenary motives, and cannot be expected to exercise judgment or good sense in discriminating between real and technical violations of the law.

The order to show cause is discharged.